SO ORDERED: March 12, 2013.



**Robyn L. Moberly**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:                              )
                                    )
DAVID LEE BARTLEMAY                 )          CASE NO. 12-11900-RLM-7
                                    )
        Debtor                      )

**ORDER DENYING IN PART AND GRANTING IN PART CREDITORS' AMENDED MOTION TO EXTEND TIME TO FILE COMPLAINT TO DETERMINE DISCHARGEABILITY AND OBJECT TO DISCHARGE**

This matter came before the Court on February 20, 2013 upon the Amended

Motion to Extend Time to File Complaint to Determine Dischargeability and Object to

Discharge (the "Amended Motion") filed on January 15, 2013 by Robbin Myers, as

Trustee of the Irvin Victor Bartlemay Family Trust, the Roberta June Bartlemay Family

Trust and the Bartlemay 1996 Irrevocable Trust, along with the Estate of Victoria

Deutsch, by Old National Trust company as representative (the "Creditors"). For the

reasons stated below, the Court DENIES the Amended Motion to the extent it seeks

extension of time to file a complaint of a type listed in §523(c). The Court GRANTS the

1

Amended Motion to the extent it seeks extension of time to file a §727 complaint or a complaint that is not under §523(c). [1]

### *Background*

The Debtor filed his chapter 7 case on October 5, 2012. The "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines ("341 Meeting Notice") issued October 10, 2012 established January 14, 2013 as the deadline to file a complaint objecting to discharge (the "§727 Deadline") and to file a complaint to determine the dischargeability of certain debts (the "§523 Deadline"). On January 14, 2013, the Creditors moved the court for a sixty (60) day extension of the §727 Deadline. The next day, and after the expiration of the §523 Deadline, the Creditors filed the Amended Motion which asked for a 60 day extension of both the §727 and the §523 Deadlines. The Debtor objected to the Amended Motion to the extent it requested an extension for filing a §523 complaint on the basis that it had been filed after the expiration of the §523 Deadline.

### *Discussion*

Rule 4007 of the Federal Rules of Bankruptcy Procedure sets forth the deadlines in which to file complaints to determine the dischargeability of a debt under §523. If the complaint is under §523(c) (which, in turn, refers to subsections (2), (4) and (6) of §523(a), the "fraud" sections of §523) it must be filed "no late than 60 days after the first date set for the meeting of creditors under §341(a)". "A complaint other than under

---

[1] The timely filed original motion asked for an extension to file a §727 complaint. The Amended Motion relates back to that original motion and therefore it is timely as it relates to the extension to file a §727 complaint. Fed. R. Bankr. P. 7015(c).

§523(c) may be brought at any time". Fed. R. Bankr. P. 4007(a). Although not expressly stated in the Amended Motion, the Creditors' alleged nondischargeability claim against the Debtor is under the fraud sections set forth in §523(c) and therefore is subject to the 60-day deadline.

The Creditors first argue that the Amended Motion was filed one day late out of "excusable neglect". Certain deadlines established by the Bankruptcy Code and Rules can be extended, even if requested after the expiration of the deadline, if the movant can show that the failure to act before the deadline was due to excusable neglect. Rule 9006(b) provides:

> (b) ENLARGEMENT.
> (1) IN GENERAL. *Except as provided in paragraphs (2) and (3)* of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on *motion made after the expiration of the specified period* permit the act to be done where the failure to act was the result of excusable neglect. ... (emphasis added).

If a pleading is filed out of time, a court may nonetheless allow it if the delay in filing it was attributable to "excusable neglect", the opposing party seeking to prevent the filing is not prejudiced and the late filer has a meritorious claim. See, *Jones v. Brown (In re Brown)*, 444 B.R 173, 175 (S. D. Ind. 2011). However, the 60-day period under Rule 4007(c) is one of the few deadlines that cannot be extended via untimely motion, even if "excusable neglect" can be shown. Rule 9006(b)(3) provides:

(3) ENLARGEMENT *LIMITED*. The court may enlarge the time for taking action under Rules...4007(c) *only to the extent and under the conditions stated in those rules.* (Emphasis added).

3

Rule 4007(c) allows extension of the 60-day time deadline "for cause", but one of the conditions stated in Rule 4007(c) is that "the motion shall be filed before the time has expired".  Unlike Rule 9006(b)(1), Rule 4007(c) makes *no* provision for either (1) the filing of a motion after the expiration period, or (2) the allowance of a late filed complaint due to excusable neglect.

The Creditors next argue that Rule 4007(c)'s deadlines are not "jurisdictional" and therefore, are subject to "equitable exceptions" that may justify allowing a late filed motion.  See, *Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). [2] In *Kontrick*, the debtor did not raise the untimeliness of a creditor's §727 claim until after the claim had been decided against him on the merits. [3]  Kontrick argued that the time limitations under Rules 4004(a) and 9006(b)(3) were "jurisdictional", in that challenges to the timeliness of a §727 complaint under those rules could be made at any time, including on appeal.  The Court first noted that the term "jurisdictional" was "a word of

---

[2] In *Kontrick*, a creditor timely filed a §727 complaint objecting to debtor's discharge, alleging that the debtor transferred property within a year of his bankruptcy filing with the intent to defraud creditors. The creditor, without leave of court, amended the complaint after the 60 day deadline to include a new allegation that the debtor had fraudulently transferred money to his wife by removing his name from the account (the "family account claim"). The debtor answered the amended complaint but did not raise the untimeliness of the family account claim. The creditor moved for summary judgment, and the debtor did not ask that the family account allegations be stricken. The bankruptcy court awarded summary judgment to the creditor on the family account claim. The debtor did not raise the untimeliness issue until he moved for reconsideration of summary judgment on the family account claim, arguing that the 60 day deadline of Rule 4004(a) was jurisdictional, i.e., could be raised at any time, even after adjudication on the merits. The Supreme Court held that the 60 day deadline in Rule 4004(a) was not jurisdictional, but rather, a "claims processing rule" that operated like a statute of limitations, and the untimeliness defense to a §727 claim could be waived if not raised before adjudication on the merits. 540 U.S. at 447.

[3] Rule 4004(a) provides that the deadline to file complaints under §727 is 60 days after the first date set for the meeting of creditors under §341(a) and Rule 9006(b)(3) provides that this period cannot be extended other than under the conditions set forth in Rule 4004(a).  Given the "identity of time prescriptions" for both §523 complaints under Rule 4007(c) and §727 complaints under Rule 4004(a), cases discussing the §727 time limits are relevant to the discussion here.  See, *Kontrick*, 540 U.S. at 448, n3.

4

"too many meanings" and that its proper use should be limited to rules regarding subject matter jurisdiction and personal jurisdiction.  540 U.S. at 455; 124 S. Ct. at 915. The Court then held that Rule 4004(a) was not "jurisdictional" in the sense that an untimely filed claim under §727 could be raised at any time.  Rather, the Court found that Rule 4004(a) was a "claims- processing rule", similar to a statute of limitations, and that its time limitations could be forfeited if not timely asserted.  540 U.S. at 458-460, 124 S. Ct. at 917.  What *Kontrick* did not decide was whether a court, despite the provisions of Rules 4004(a) and 9006(b)(3), had discretion to allow a late filed §727 complaint or a late filed motion to extend the time to file a §727 complaint.  ("Whether the Rules, despite their strict limitations, could be softened on equitable grounds is therefore a question we do not reach"), 540 U.S. at 457; 124 S. Ct. at 916); ("Whether bankruptcy court would have had discretion to allow a late complaint...isn't before the Court...") 540 U.S. at 458; 124 S. Ct. at 917.

Even in the extreme unlikelihood that *Kontrick* can be read as support for allowing the late filing of a motion to extend the time to file a §523 on equitable grounds, the equitable grounds are not present here.  "Equitable", like "jurisdictional" is an oft-used term that cuts a wide swath.  The Seventh Circuit Court of Appeals, whose *Kontrick* decision was affirmed by the United States Supreme Court, found that the only equitable defenses available to one who files a late §727 claim are waiver, estoppel and equitable tolling, but not excusable neglect.  *In re Kontrick*, 295 F.3d 724, 730 (7th Cir. 2002).  See also, *In re Phelan*, 420 B.R. 791, 793 (Bankr. N. D. Ill. 2009); *In re Liescheidt*, 404 B.R. 499, 502 (Bankr. C.D. Ill. 2009); *In re Lopresti,* 397 B.R. 62, 67

(Bankr. N. D. Ill. 2008); *Mirmingos v. Benjamin*, 288 B.R. 521, 523 (N.D. Ill. 2003).

The Creditors cannot argue that the Debtor waived his right to challenge their untimely Amended Motion.  Thus, the Creditors are left with demonstrating that the Debtor should be estopped from challenging the untimeliness of the Amended Motion or that the time to file the Amended Motion was equitably tolled.

"Equitable estoppel" is limited to situations in which the creditor has been misled, where the debtor actively prevents the creditor from suing in a timely manner, or where evidence has been fraudulently concealed.  *Opportunity Bank. N. A. v. Martinsen (In re Martinsen),* 449 B.R. 917, 923 (Bankr. W. D. Wis. 2011).  A deadline may be equitably tolled if the creditor can show that, despite the exercise of due diligence, it could not obtain the information necessary to realize that it may possibly have a claim.  *Id*.  The Creditors have made no showing that the Debtor misled them or actively prevented them from filing the Amended Motion.  Nor is there anything in the record to suggest that, despite their due diligence, the Creditors could not obtain the information necessary to realize they had a potential §523 claim against the Debtor in time for them to timely move to extend the complaint deadlines.  Indeed, the Amended Motion recites that the failure to include the extension to file the §523 complaint was due to inadvertence.  *Amended Motion*, ¶ 3.

"Excusable neglect" is not a defense available to the Creditors here and none of the defenses that are available to defend against the Debtor's challenge of untimeliness applies.  According, the Court DENIES the Amended Motion to the extent it seeks extension of time to file a complaint of a type listed in §523(c).  The Court GRANTS the Amended Motion to the extent it seeks extension of time to file a §727 complaint or a

6

complaint that is not under §523(c).

**# # #**

Distribution:
Steve Halbert, Attorney for the Debtor
Anthony Jost, Attorney for the Creditors
Kevin Tharp, Attorney for the Creditors
Jonathan D. Madison, Attorney for the Creditors
Christopher Trapp, Attorney for the Chapter 7 Trustee, Elliott Levin